UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

YOEL GOLDMAN and ALL YEAR HOLDINGS LIMITED,

        Plaintiffs,

v.

GRAND LIVING II, LLC,

        Defendant.

Case No. _____

**NOTICE OF REMOVAL**

TO THE CLERK OF THE COURT:

**PLEASE TAKE NOTICE** that defendant Grand Living II, LLC ("Grand Living" or the "Company"), by and through undersigned counsel, hereby gives notice of the removal (the "Notice of Removal") of the action captioned *Yoel Goldman and All Year Holdings Limited v. Grand Living II, LLC*, Index No. 503207/2021, from the Supreme Court of the State of New York, County of Kings (the "2021 Action"), where it was filed and currently pending, to the United States District Court for the Eastern District of New York[1] pursuant to 28 U.S.C. § 1452(a) and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").[2]

1. On November 6, 2019 (the "Petition Date"), MY 2011 and S&B Monsey filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et. seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), which commenced the cases styled as *In re: My 2011 Grand LLC* (Case No. 19-23957 (RDD)) and *In re: S&B Monsey LLC* (Case No. 19-23959 (RDD)), which cases are jointly administered under Case No. 19-23957 (RDD) (the "Bankruptcy

---

[1] As noted below, upon removal, movants will seek to transfer this case to the Southern District of New York.

[2] Debtors MY 2011 Grand LLC ("MY 2011") and S&B Monsey LLC ("S&B Monsey," and with MY 2011, the "Debtors") support and join in this removal.

Case"), Hon. Robert D. Drain presiding. The Debtors constitute a "Majority in Interest" of the members of Grand Living, as they are the members holding more than fifty percent (50%) of the Percentage Interests of Grand Living. Together, the Debtors own 64.75% of the outstanding Membership Interests of Grand Living.

2. On February 9, 2021, Yoel Goldman ("Goldman") and All Year Holdings Limited ("All Year," together with Goldman, the "Petitioners") filed the 2021 Action requesting that the Supreme Court appraise and determine the fair value of the Petitioners' membership interests in Grand Living for purposes of establishing the consideration to be paid to Petitioners in connection with a pending merger transaction, which determination is an integral component of the Debtors' ability to confirm a plan of reorganization and to resolve claims against the estate. Indeed, the 2021 Action seeks the identical relief sought in the pending Adversary Proceeding filed by the Debtors, the Company and GL Merger Partner, LLC, captioned as *MY 2011 Grand LLC et al. v. Goldman et al.*, Adv. Proc. No. 21-07001 (RDD) (the "Adversary Proceeding") with respect to the critical issue of the merger consideration. If both of the inextricably intertwined 2021 Action and the Adversary Proceeding are permitted to proceed in separate forums, there will be a great risk of inconsistent determinations of core matters, as well as harm to judicial economy.

3. The United States District Court for the Southern District of New York has jurisdiction over the 2021 Action pursuant to 28 U.S.C. § 1334 because the 2021 Action arises in and/or is related to the Bankruptcy Case. *See* 28 U.S.C. § 1334(b). Accordingly, following removal of this action to this Court, the removing parties will seek to transfer this case to the Southern District of New York under 28 U.S.C. § 1404 and ultimately the Bankruptcy Court. *See* Amended Standing Order of Reference Re: Title 11, M-431 (Feb. 1, 2012) ("any and all cases

under title 11 and any and all proceedings arising under title 11 or arising in or related to a case under title 11 are referred to the bankruptcy judges for this district").

4. The 2021 Action constitutes a core proceeding because resolution of the claims asserted in the 2021 Action affects the administration of the Debtors' estate, *see* 28 U.S.C. § 157(b)(2)(A), affects claims against the estate, *see* 28 U.S.C. § 157(b)(2)(B), affects the confirmation of a plan, 28 U.S.C. § 157(b)(2)(L), and affects the liquidation of the assets of the Debtors' estate and the adjustment of the debtor-creditor relationship, *see* 28 U.S.C. § 157(b)(2)(O). The Company consents to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Moreover, even if the 2021 Action is determined to be a non-core proceeding, the Company consents to the entry of final orders or judgments by the Bankruptcy Court.

5. Removal of the 2021 Action, therefore, is appropriate pursuant to 28 U.S.C. § 1452(a), which allows for the removal of claims and causes of action "to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Furthermore, removal is proper and timely under 28 U.S.C. § 1446 and Bankruptcy Rule 9027, as the removal is filed within thirty (30) days of the service of the initial pleading in the 2021 Action.

6. Copies of all process and pleadings filed in the 2021 Action are being filed contemporaneously with the filing of this Notice of Removal in accordance with 28 U.S.C. § 1446 and Bankruptcy Rule 9027(a)(1), and are attached hereto as **Exhibit A.**

7. A copy of the Notice of Removal will be filed with the Supreme Court of the State of New York, County of Kings, and will be served upon counsel for the Petitioners pursuant to Bankruptcy Rule 9027(b) and (c).

WHEREFORE, the Company and Debtors request that the 2021 Action be removed from the Supreme Court of the State of New York, County of Kings, to the United States District Court for the Eastern District of New York.

Dated: New York, New York
      February 25, 2021

**AKERMAN LLP**

By:   */s/ Mark S. Lichtenstein*
     Mark S. Lichtenstein
     Joshua D. Bernstein
     Benjamin R. Joelson
     520 Madison Avenue, 20th Floor
     New York, New York 10022
     Tel. (212) 880-3800
     Joshua.Bernstein@akerman.com
     Mark.Lichtenstein@akerman.com
     Benjamin.Joelson@akerman.com

*Counsel for Defendant*

To: **BLANK ROME LLP**
     Stephen E. Tisman
     Craig M. Flanders
     1271 Avenue of the Americas
     New York, New York 10020
     *Attorneys for Plaintiffs*

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

| | |
|---|---|
| YOEL GOLDMAN and ALL YEAR HOLDINGS LIMITED,<br><br>       Plaintiffs,<br><br>    v.<br><br>GRAND LIVING II, LLC,<br><br>       Defendants. | Index No.:<br><br>**<u>NOTICE OF PETITION</u>** |

  **PLEASE TAKE NOTICE** that upon the annexed Petition for Special Proceeding of Petitioners Yoel Goldman and All Year Holdings Limited (together "Petitioner"), verified on the 9th of February 2021, an application will be made to this Court, located at the Motion Support Office, 360 Adams Street, Room 227, Brooklyn, NY 11201, May 10, 2021, or as soon thereafter as counsel may be heard, for an order to determining the rights of Petitioner with respect to Petitioner's membership interest in an entity known as Grand Living II LLC ("Grand Living"), and to fix the fair value of Petitioner's membership interest in Grand Living pursuant to § 1005(b) of the New York Limited Liability Company Law (the "NY LLC Law") and §§ 623(h), (i), (j) and (k) of the New York Business Corporation Law, and for such other and further relief as set forth in the Petition, or may be just, proper and equitable.

  **PLEASE TAKE FURTHER NOTICE** that answering papers, if any, shall be served on the undersigned on or before April 1, 2021, which is at least seven (7) days prior to the return date, since this notice is served at least twelve days before such time.

  Plaintiffs designate Kings County as the venue of this proceeding on the basis of CPLR § 507.

1

Dated: New York, New York
February 9, 2021

**BLANK ROME LLP**

By: <u>*s/ Stephen E. Tisman*</u>
Stephen E. Tisman
Craig M. Flanders
1271 Avenue of the Americas
New York, New York 10020
(212) 885-5000
*Attorneys for Plaintiffs Yoel Goldman and All Year Holdings Ltd*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

YOEL GOLDMAN and ALL YEAR HOLDINGS LIMITED,

        Plaintiffs,

v.

GRAND LIVING II, LLC,

        Respondent.

Index No.:

**VERIFIED PETITION**

Petitioners Yoel Goldman ("Goldman") and All Year Holdings Limited ("All Year") (collectively "Petitioner"), by and through their attorneys, Blank Rome LLP, as and for their petition against Respondent Grand Living II, LLC ("Respondent" or "Grand II") alleges as follows:

### Nature of the Proceeding

1. This is a special proceeding to determine the rights of Petitioner with respect to Petitioner's membership interest in an entity known as Grand Living II, LLC ("Grand Living"), and to fix the fair value of Petitioner's membership interest in Grand Living pursuant to Section 1005(b) of the New York Limited Liability Company Law (the "NY LLC Law") and Sections 623(h), (i), (j) and (k) of the New York Business Corporation Law.

2. Petitioner separately has filed, in this Court, an action against Respondent, GL Merger Partner, LLC ("GL Merger"), Yechiel Michael Lichtenstein ("Lichtenstein") and Moshe Dov Schweid ("Schweid") (the "2020 Action"), Index No. 518781/2020, primarily seeking legal and equitable relief to, among other things, unwind/rescind all transactions effecting the merger of Grand Living into GL Merger (the surviving entity

being Respondent Grand Living II, LLC) on the ground that the actions of the defendants in effecting the merger were unlawful and fraudulent as to Petitioner, and the conduct of defendants was, inter alia, ultra vires, a breach of contract, and in violation of their fiduciary duties.

3. This proceeding is filed to preserve Petitioner's rights pursuant to NY LLC Law Section 1005(b) in the event petitioner does not prevail in the 2020 Action.

## Parties

4. Petitioner Goldman is an individual who resides at 141 Skillman Street, Brooklyn, New York.

5. Petitioner All Year Holdings Limited is a company limited by shares, organized under the laws of the British Virgin Islands.

6. Until September 22, 2020, Grand Living was a New York limited liability company with its principal place of business located at 679 Driggs Avenue, Brooklyn, New York, 11211.

7. As referred to herein, Respondent or Grand II refers to the post-merger surviving entity, and Grand Living refers to the entity in which, pre-merger, Petitioner owned a 35.25% membership interest. Upon information and belief, at all times material herein, Respondent was a New York limited liability company with its principal place of business located at 679 Driggs Avenue, Brooklyn, New York, 11211.

8. Upon information and belief, Lichtenstein is an individual who resides at 929 East 5th Street, Brooklyn, New York, 11230.

9. Upon information and belief, Schweid is an individual who resides at 160 Rutledge Street, Brooklyn, New York, 11230.

10. Upon information and belief, Lichtenstein is the manager and sole member of My2011 Grand LLC ("My2011 Grand").

11. Upon information and belief, Schweid is the manger and sole member of S&B Monsey LLC ("S&B Monsey").

12. Upon information and belief, as of September 22, 2020, MY2011 Grand and S&B Monsey were the holders of 100% of the membership interests of GL Merger.

## Factual Background

13. In approximately 2011 Goldman acquired a 35.25% membership interest in Grand Living, which owned 100% interest in Grand Living LLC which in turn owns the real property located at 227 Grand Street, a/k/a 689 Driggs Avenue, Brooklyn, NY. That property has been developed into a mixed use property with 41 residential rental units, commercial retail units plus parking.

14. Goldman, through his construction company, completed construction of the project which had been stalled. Goldman's management company, All Year Management ("AYM") handled the day to day operation of the property. The project was fully leased and generated millions of dollars of profits for its owners.

15. Pursuant to the Amended and Restated Limited Liability Company Agreement of Grand Living dated August 3, 2012 (the "2012 LLC Agreement"), the members of Grand Living and their respective interests were: Goldman – 35.25%; Toby Moskovits ("Moskovits") – 5%; My2011 LLC – 26.75%; and S&B Monsey - 33%. Goldman and Schweid were designated the Manager of Grand Living.

16. Upon information and belief, as of September 21, 2020, the membership interests in Grand Living were owned as follows: Goldman – 35.25%; S&B Monsey –

33%; and My2011 Grand – 31.75%.

<u>Prior Litigation With Moskovits and Lichtenstein and the 2015 Settlement</u>

17. Beginning in approximately 2010, Goldman entered into a number of real estate development projects with Moskovits and Lichtenstein.

18. In 2014 disputes arose over the management and control of certain of the projects, and Moskovits commenced litigation in this Court.

19. In October 2015 the parties reached a settlement of their disputes (the "2015 Settlement"). The parties disengaged from each other in a number of multimillion dollar projects, with Moskovits and Lichtenstein attaining ownership of some in exchange for Goldman taking ownership of others.

20. As part of the 2015 Settlement, Goldman loaned $7 million to Moskovits to fund her buyout of another investor. The loan was payable at noon on September 30, 2016, together with accrued interest, totaling over $7.7 million.

21. On September 21, 2016, counsel for Moskovits wrote that she was "ready to pay" the amounts due, but first she demanded that Goldman sign an amendment to the Grand II Operating Agreement that would have added Lichtenstein as Manager and reduced Goldman's authority. Goldman refused.

22. Moskovits defaulted. But minutes before noon Schweid, Lichtenstein and Moskovits notified Goldman that they had purported to amend the Grand II operating agreement and removed him as manager, after previously replacing AYM as property manager.

23. These actions were unlawful, in breach of the operating agreement and fiduciary duty, and are the subject of litigation pending in this Court and on appeal in the

Second Department.

The 2019 Settlement

24. In November 2019 the parties reached a settlement of their differences (the "2019 Settlement"). All Year agreed to sell its 35.25% membership interest in Grand II to Grand II for payment of $11,790,000. This represented a valuation of the property (net of the mortgage debt) of $33,446,808. A time of the essence closing was set for on or before January 27, 2020.

25. While the parties were negotiating the settlement, My2011 Grand and S&B Monsey filed for bankruptcy protection, to stave off a foreclosure sale of Schweid's and Lichtenstein's membership interests which were pledged as security for a mezzanine loan on which they were in default.

26. Grand II, Lichtenstein, Schweid and Moskovits failed to close and defaulted on the 2019 Settlement.

### The Purported Merger and The Parties' Failure to Agree on the Fair Value of Petitioner's Membership Interest in the Company

27. On September 22, 2020, Lichtenstein and Schweid, acting jointly as manager of Grand II, sent to Goldman a Notice of Action in Lieu of Meeting; Notice of Merger; Notice of Dissenters' Rights (the "Merger Notice"). The Merger Notice stated that the majority members of Grand II, and all of the members of GL Merger had adopted certain resolutions by written consent in lieu of a meeting, whereby they approved the merger of Grand Living, with and into GL Merger, with Respondent Grand II being the surviving company in the merger (the "Merger") a Certificate of Merger was being filed pursuant to Sections 1002 and 1003 of the NY LLC Law, providing for the

merger of Grand Living with and into GL Merger.

28. The Merger Notice also had attached several written consents of members, including the written consent of two of the purported members of Grand II, dated September 22, 2020 approving the Merger.

29. The Merger Notice provided further that Petitioner's membership interest in Grand II was cancelled and Petitioner was entitled "to receive in cash and without interest, an amount equal to…$2,865,538.00 in the aggregate" (the "Offer").

30. As set forth in the summons with notice filed in the 2020 Action, the purported merger was null and void because among other reasons, it was not properly authorized, and because Goldman, who had been removed as manager in violation of the Operating Agreement had not authorized the action.

31. In response to the Merger Notice and Offer, on October 2, 2020, Petitioner timely filed with Grand II a written "Notice of Dissent" from the Merger, (the "Notice of Dissent") which included a rejection of the Offer. The Notice of Dissent stated:

> PLEASE TAKE NOTICE that I Yoel Goldman and All Year Holdings Limited, the owner of a 35.25% membership interest (the "Interest") in Grand Living II, LLC (the "Company") dissent from the purported merger between Grand Living II, LLC and GL Merger Partners LLC, and reject the offer by the Company to pay $2,865,538, as grossly insufficient and not remotely reflecting the fair value of the Interest.

32. The Offer does not represent the fair value of Petitioner's membership interest in Grand Living.

33. Because Petitioner and Respondent have been unable to agree on the price to be paid for Petitioner's membership interest in Grand Living, and because Respondent failed to institute a special proceeding to determine Petitioner's rights, Petitioner has

instituted this proceeding to determine its rights as a dissenting member and to fix the fair value of the 35.25% membership interest in Grand Living.

The Fair Value of Petitioner's Membership Interest
in Grand Living Materially Exceeds The Amount of the Offer

34. The Grand Living property is a fully constructed, operating, stable rental property.

35. When AYM was involved in operating the Property, it was fully rented, and generated hundreds of thousands of dollars of income for its owners annually.

36. In the S&B Monsey and My2011 Grand bankruptcy, the debtors submitted to the federal court an appraisal of the Property, valued as of October 13, 2019, in the amount of $46,700,000. The Property mortgage was $16,350,000, leaving net equity of $30,350,000, and a value of $10,698,375 for a 35.25% interest.

37. And as of January 2020 Grand II had agreed to pay $11,790,000 for the Petitioner's 35.25% interest.

38. At all times material herein, Respondent is and was aware that the fair market value of Petitioner's membership interest in Grand Living materially exceeded the amount of the Offer.

**FIRST CAUSE OF ACTION**
(Determination of Fair Value)

39. Petitioner repeats and realleges the allegations set forth in paragraph I through 38 above as if fully set forth herein.

40. As a result of the Merger, Petitioner's dissent to the Merger, and Petitioner's rejection of the Offer, which amount is materially lower than the actual fair value of Petitioner's membership interest in Grand Living, Petitioner is entitled to

receive the fair value of the 35.25% membership interest in Grand Living.

41. The Court should appraise and determine the fair value of Petitioner's membership interest in Grand Living and order Respondent Grand II to pay that amount to Petitioner, plus interest at the statutory rate.

**SECOND CAUSE OF ACTION**
(Payment of Attorney's Fees and Costs)

42. Petitioner repeats and realleges the allegations set forth in paragraph 1 through 41 above as if fully set forth herein.

43. Section 623(h)(7) of the New York Business Corporation Law, which applies herein pursuant to Section 1005(b) of the NY LLC Law, provides that the Court may assess the costs, expenses and fees incurred by a dissenting shareholder if the Court finds any of the following: "(A) that the fair value of the shares as determined materially exceeds the amount which the corporation offered to pay; .... [or] (D) that the action of the corporation in complying with its obligations as provided in this section was arbitrary, vexatious, or otherwise not in good faith."

44. The fair market value of Petitioner's membership interest in Grand Living materially exceeds the amount of the Offer.

45. At all times material herein, Respondent Grand II is and was aware that the fair market value of Petitioner's membership interest in Grand Living materially exceeds the amount of the Offer.

46. In presenting the Offer to Petitioner, Respondent Grand II did not comply with its legal obligations as provided in Section 623(h) of the New York Business Corporation Law in good faith.

47. The Court should award Petitioner its costs and expenses, including attorney's fees, incurred in connection with this matter pursuant to Section 623(h)(7) of the New York Business Corporation Law.

**WHEREFORE,** by reason of the foregoing, Petitioner respectfully requests that the Court:

(i) Appraise and determine the fair value of Petitioner's membership interest in Grand Living and order Respondent Grand II to pay that amount to Petitioner, plus interest at the statutory rate;

(ii) Award Petitioner its costs and expenses, including attorney's fees, incurred in connection with this matter pursuant to Section 623(h)(7) of the New York Business Corporation Law; and

(iii) Grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 9, 2021

**BLANK ROME LLP**

By: *s/ Stephen E. Tisman*
Stephen E. Tisman
Craig M. Flanders
1271 Avenue of the Americas
New York, New York 10020
(212) 885-5000
*Attorneys for Plaintiffs Yoel Goldman and All Year Holdings Ltd.*

## VERIFICATION

STATE OF NEW YORK )
                                    ) ss.:
COUNTY OF KINGS )

YOEL GOLDMAN, being duly sworn, deposes and says:

    I am a Petitioner herein and manager of the other Petitioner. I have reviewed the foregoing Verified Petition and know the contents thereof; the same is true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

                                                                                          Yoel Goldman

Sworn to before me this
9th day of February, 2021

Notary Public