UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YOEL GOLDMAN and ALL YEAR HOLDINGS LIMITED,<br><br>    Plaintiffs,<br><br>v.<br><br>GRAND LIVING II, LLC,<br><br>    Defendant. | Civil Case No. 21-cv-01028 (AMD) (RML)<br><br>**ANSWER AND**<br>**AFFIRMATIVE DEFENSES** |

Defendant Grand Living II, LLC ("Defendant"), by its attorneys, Akerman LLP, answers the complaint (the "Complaint") of plaintiffs Yoel Goldman ("Goldman") and All Year Holdings Limited ("All Year") ("Plaintiffs"), and alleges on knowledge as to its own acts and otherwise on information and belief as follows:

## Nature of the Proceeding

1. Defendant denies the allegations of paragraph 1 of the Complaint, except Defendant admits that, in this action, Plaintiffs seek to fix the fair value of Plaintiffs' membership interest in Defendant.

2. Defendant denies the allegations of paragraph 2 of the Complaint, except Defendant admits that Plaintiffs filed a lawsuit in the Supreme Court of the State of New York, County of Kings, Index No. 518781/2020, and refers the Court to the papers filed in connection with that action for their true meaning, content and interpretation.

3. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 3 of the Complaint.

## Parties

4. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 4 of the Complaint.

5. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 5 of the Complaint.

6. Defendant denies the allegations of paragraph 6 of the Complaint, except Defendant admits that it has a principal place of business at 679 Driggs Avenue, Brooklyn, New York, and specifically avers that Plaintiffs' membership interest in Defendant extinguished as of September 22, 2020.

7. Defendant denies the allegations of paragraph 7 of the Complaint, except Defendant admits that Defendant is a New York limited liability company that has a principal place of business at 679 Driggs Avenue, Brooklyn, New York, and that Goldman owned a 35.25% membership interest in Plaintiff before September 22, 2020.

8. Defendant admits the allegations of paragraph 8 of the Complaint.

9. Defendant admits the allegations of paragraph 9 of the Complaint.

10. Defendant admits the allegations of paragraph 10 of the Complaint.

11. Defendant denies the allegations of paragraph 11 of the Complaint, except Defendant admits that Schweid is a manager of S&B Monsey LLC.

12. Defendant admits the allegations of paragraph 12 of the Complaint.

## Factual Background

13. Defendant admits the allegations of paragraph 13 of the Complaint.

14. Defendant denies the allegations of paragraph 14 of the Complaint.

15. In response to paragraph 15 of the Complaint, Defendant refers the Court to Defendant's Amended and Restated Limited Liability Company Agreement, dated August 3, 2012 for its true meaning, content and interpretation.

16. Defendant admits the allegations of paragraph 16 of the Complaint.

Prior Litigation With Moskovits and Lichtenstein and the 2015 Settlement

17. Defendant denies the allegations of paragraph 17 of the Complaint,

18. Defendant denies the allegations of paragraph 18 of the Complaint, except Defendant admits that certain disputes arose and that litigation ensued.

19. In response to paragraph 19 of the Complaint, Defendant refers the Court to the settlement agreement for its true meaning, content and interpretation.

20. In response to paragraph 20 of the Complaint, Defendant refers the Court to the settlement agreement for its true meaning, content and interpretation.

21. Defendant denies the allegations of paragraph 21 of the Complaint, except Defendant admits that Goldman refused to sign an amendment to Defendant's operating agreement.

22. Defendant denies the allegations of paragraph 22 of the Complaint, except Defendant admits that Goldman was removed as manager and that All Year was removed as property manager.

23. Defendant denies the allegations of paragraph 23 of the Complaint.

The 2019 Settlement

24. In response to paragraph 24 of the Complaint, Defendant refers the Court to the settlement agreement for its true meaning, content and interpretation.

25. Defendant denies the allegations of paragraph 25 of the Complaint, except Defendant admits that My2011 Grand and S&B Monsey filed bankruptcy and that certain membership interests were pledged as collateral for a mezzanine loan.

26. Defendant denies the allegations of paragraph 26 of the Complaint.

**The Purported Merger and The Parties' Failure to Agree on the**
**Fair Value of Petitioner's Membership Interest in the Company**

27. In response to paragraph 27 of the Complaint, Defendant refers the Court to the Merger Notice for its true meaning, content and interpretation.

28. In response to paragraph 28 of the Complaint, Defendant refers the Court to the Merger Notice for its true meaning, content and interpretation.

29. In response to paragraph 29 of the Complaint, Defendant refers the Court to the Merger Notice for its true meaning, content and interpretation. Defendant further avers that Defendant offered to pay Goldman $2,865,538.00, representing the fair value of the former membership interests in Defendant.

30. Defendant denies the allegations of paragraph 30 of the Complaint.

31. In response to paragraph 31 of the Complaint, Defendant refers the Court to the Notice of Dissent for its true meaning, content and interpretation.

32. Defendant denies the allegations of paragraph 32 of the Complaint.

33. Defendant denies the allegations of paragraph 33 of the Complaint, except Defendant admits that Plaintiffs commenced an action seeking to fix the fair value of Plaintiffs' membership interest in Defendant.

### The Fair Value of Petitioner's Membership Interest in Grand Living Materially Exceeds The Amount of the Offer

34. Defendant denies the allegations of paragraph 34 of the Complaint, except Defendant admits that the real property located at 225-227 Grand Street, Brooklyn, New York (the "Property") is a four story building with 41 residential units, as well as commercial and retail space.

35. Defendant denies the allegations of paragraph 35 of the Complaint and specifically avers that Plaintiffs engaged in serious wrongdoing with respect to the Property.

36. In response to paragraph 36 of the Complaint, Defendant refers the Court to the papers filed in the Bankruptcy Court for their true meaning, content and interpretation.

37. In response to paragraph 37 of the Complaint, Defendant refers the Court to the relevant agreement for its true meaning, content and interpretation.

38. Defendant denies the allegations of paragraph 38 of the Complaint.

### FIRST CAUSE OF ACTION
(Determination of Fair Value)

39. Defendant repeats and realleges the responses set forth in paragraph 1 through 38 above as if fully set forth herein.

40. Defendant denies the allegations of paragraph 40 of the Complaint and specifically avers that $2,865,538.00 represents the fair value of Goldman's former membership interests in Defendant.

41. Defendant denies the allegations of paragraph 41 of the Complaint and specifically avers that an adversary proceeding captioned as *MY 2011 Grand LLC et al. v. Goldman et al.,* Adv. Proc. No. 21-07001 (RDD) to determine the fair value of Goldman's former membership interests in Defendant was commenced prior to this action and is currently

pending in the United States Bankruptcy Court in the Southern District of New York (the "Adversary Proceeding").

## SECOND CAUSE OF ACTION
(Payment of Attorney's Fees and Costs)

42. Defendant repeats and realleges the responses set forth in paragraph 1 through 41 above as if fully set forth herein.

43. In response to paragraph 43 of the Complaint, Defendant refers the Court to the cited statute for its true meaning, content and interpretation.

44. Defendant denies the allegations of paragraph 44 of the Complaint and specifically avers that $2,865,538.00 represents the fair value of Goldman's former membership interests in Defendant.

45. Defendant denies the allegations of paragraph 45 of the Complaint and specifically avers that $2,865,538.00 represents the fair value of Goldman's former membership interests in Defendant.

46. Defendant denies the allegations of paragraph 46 of the Complaint.

47. Defendant denies the allegations of paragraph 47 of the Complaint and specifically avers that an adversary proceeding captioned as *MY 2011 Grand LLC et al. v. Goldman et al.,* Adv. Proc. No. 21-07001 (RDD) to determine the fair value of Goldman's former membership interests in Defendant was commenced prior to this action and is currently pending in the United States Bankruptcy Court in the Southern District of New York (previously defined as the "Adversary Proceeding").

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

48. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

49. Plaintiffs commenced this action in an improper venue. The issues raised in this action should be resolved by the United States Bankruptcy Court for the Southern District of New York pursuant to the Adversary Proceeding.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

50. This action is barred and/or should be dismissed because there is a prior action pending, namely the Adversary Proceeding pending in the United States Bankruptcy Court for the Southern District of New York.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

51. Plaintiffs' claims are barred in whole or in part by the doctrines of estoppel and unclean hands.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

52. Any valuation of Goldman's membership interest in Defendant must be reduced by the amount of damages caused by Plaintiffs' misconduct.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

53. This action may be enjoined, barred, limited, or consolidated with the Adversary Proceeding by the Bankruptcy Court's exercise of its inherent power under Section 105 of the Bankruptcy Court and in the interests of judicial economy.

Defendant reserves the right to amend and supplement its affirmative defenses as discovery proceeds.

Dated: New York, New York
       March 17, 2021

**AKERMAN LLP**

By: */s/ Mark S. Lichtenstein*
    Mark S. Lichtenstein
    Joshua D. Bernstein
    Benjamin R. Joelson
    1251 Avenue of the Americas
    37th Floor
    New York, NY 10020
    Tel. (212) 880-3800
    E-mail: mark.lichtenstein@akerman.com
    E-mail: joshua.bernstein@akerman.com
    E-mail: benjamin.joelson@akerman.com

*Counsel for Defendant Grand Living II, LLC*