UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
YOEL GOLDMAN and ALL YEAR HOLDINGS :
LIMITED, :
 :
 : Case No. 21-01028 (AD)
       Plaintiffs, :
 :
       v. :
 :
GRAND LIVING II, LLC, :
 :
       Defendant. :
---------------------------------------------------------------x

# **PLAINTIFFS' MOTION FOR REMAND**

Plaintiffs Yoel Goldman and All Year Holdings Limited, by and through their undersigned counsel, file this Motion for Remand and respectfully state as follows:

1. On February 9, 2021, Plaintiffs commenced this lawsuit by filing their Notice of Petition and Verified Complaint in the Supreme Court of the State of New York, County of Kings ("Kings County Supreme Court") (Index No. 503207/2021) (the "State Court Valuation Proceeding"). The proceeding, brought under the New York Limited Liability Company Law ("NY LLC Law"), seeks to determine the fair value of plaintiffs' membership interest in defendant, following a purported "squeeze out merger" pursuant to the NY LLC Law.

2. The Defendant in the State Court Valuation Proceeding, Grand Living II LLC, is a New York limited liability company. The membership interests in Defendant are or were held by three members: (1) Yoel Goldman, through his company All Year Holdings Limited (35.25%), (2) MY 2011 Grand LLC ("MY 2011") (31.75%), and (3) S&B Monsey LLC ("S&B Monsey") (33%).

3. On February 25, 2021, Defendant filed a Notice of Removal to remove the State Court Valuation Proceeding to this Court pursuant to 28 U.S.C. § 1452(a) and Rule 9027 of the Federal Rules of Bankruptcy Procedure (ECF #1).

4. In the Notice of Removal, Defendant states that upon removal, Defendant will seek to transfer the State Court Valuation Proceeding to the Southern District of New York ("SDNY") and ultimately to the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") where chapter 11 cases of MY 2011 and S&B Monsey have been pending since November 2019 (Case No. 19-23957 (RDD) (jointly administered) (the "Bankruptcy Case").

5. On March 11, 2021, Defendant's counsel filed a letter to this Court requesting a pre-motion conference in advance of filing a motion to transfer venue from this Court to SDNY pursuant to 28 U.S.C. § 1404(a) (ECF # 9), and Defendant again states that the purpose of the Notice of Removal is so this Court will transfer venue of the State Court Valuation Proceeding to SDNY to allow for the automatic reference of the State Court Valuation Proceeding to the Bankruptcy Court. On March 18, 2021, Plaintiffs, by their undersigned counsel. filed a responding letter (ECF # 11) stating that Plaintiffs have no objection to conducting a pre-motion conference but reserving their right to seek to remand the State Court Valuation Proceeding to Kings County Supreme Court. On March 23, 2021, this Court granted Defendant's request for pre-motion conference, now scheduled for April 7, 2021 at 2:30 pm.

6. Removal is improper here for at least three reasons: (1) it is futile because the Bankruptcy Court is barred from hearing the State Court Valuation Proceeding by mandatory abstention, (2) the Bankruptcy Court lacks power to enter a final judgment in the State Court Valuation Proceeding, and (3) the State Court Valuation Proceeding is part of an elaborate

2

statutory scheme for the effectuation of mergers and buyouts, governed by state law, with specific deadlines and standards, which is most appropriately adjudicated in state court.

7. Grand Living II is not a debtor in the Bankruptcy Case and the claims in the State Court Valuation Proceeding arise solely under New York State law; they do not arise under the Bankruptcy Code and they do not arise in the Bankruptcy Case. For that reason, the Bankruptcy Court is precluded from hearing the claims pursuant to mandatory abstention under 28 U.S.C. § 1334(c)(2) and transferring the State Court Valuation Proceeding to SDNY for automatic referral to the Bankruptcy Court is therefore futile. The State Court Valuation Proceeding should be remanded to Kings County Supreme Court.

8. In addition to mandatory abstention, the Bankruptcy Court is precluded from entering a final judgement with respect to the claims in the State Court Valuation Proceeding under *Stearn v Marshal* (364 U.S. 462 (2011)) because the claims arise strictly under state law and are not part of any bankruptcy claims resolution. Plaintiffs do not consent to entry of a final order by the Bankruptcy Court.

9. The State Court Valuation Proceeding is one step in a carefully defined process established by the New York legislature to regulate the procedure where an owner is squeezed out of membership in an LLC. There are time limits for making and responding to an offer to purchase the interest for fair value, for disputing the offer and for adjudicating the dispute through a special proceeding, drawing upon procedures from the NY Business Corporation Law appraisal process some, but not all of which apply. The measures of value, and procedures for ascertaining value are state law created. This Court should remit this case to state court as a matter of comity and recognition that New York's courts are entrusted by New York's legislature with resolving these issues for members of New York LLCs.

WHEREFORE, Plaintiffs respectfully request, pursuant to 28 U.S.C. § 1447(c), that this Court enter an order, substantially in the form attached hereto, (a) remanding the State Court Valuation Proceeding to Kings County Supreme Court, (b) requiring Defendant to pay Plaintiffs' costs and expenses (including attorney fees) incurred as a result of the removal, and (c) granting such other and further relief as the Court deems just and proper.

Dated: March 29, 2021

**BLANK ROME LLP**

By: */s/ Stephen E. Tisman*
    Stephen E. Tisman
    Craig M. Flanders
    Rick Antonoff
    1271 Avenue of the Americas
    New York, New York 10020
    (212) 885-5000

    *Attorneys for Plaintiffs Yoel Goldman and All Year Holdings Ltd.*