| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| EASTERN DISTRICT OF NEW YORK | |
| ------------------------------------------------------------x | |
| YOEL GOLDMAN and ALL YEAR HOLDINGS LIMITED, | |
| Plaintiffs, | Case No. 21-01028 (AD) |
| v. | |
| GRAND LIVING II, LLC | |
| Defendant. | |
| ------------------------------------------------------------x | |

# PLAINTIFFS' MEMORANDUM OF LAW
# IN SUPPORT OF MOTION FOR REMAND

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii
PRELIMINARY STATEMENT .............................................................................................. 1
JURISDICTION AND VENUE ............................................................................................... 4
ARGUMENT ............................................................................................................................ 4
    I.    The Bankruptcy Court Must Abstain from Adjudicating the State Court Action ............. 4
        A.    Mandatory Abstention under § 1334(c)(2) ................................................................. 4
        B.    Brooklyn Supreme Court is Able to Timely Adjudicate the State Court Action ......... 5
            a.    Relative Court Calendars ....................................................................................... 6
            b.    Complexity of the Issues ........................................................................................ 6
            c.    Status and Administration of the Bankruptcy Case ............................................... 7
    II.    The Bankruptcy Court Cannot Enter Final Judgment in the Valuation Proceeding ........... 8
    III.    Plaintiff is Entitled to Costs and Expenses ....................................................................... 8
CONCLUSION ......................................................................................................................... 9

145023.00607/125555191v.2

# TABLE OF AUTHORITIES

**Cases**

*Acolyte Elec. Corp. v. New York*, 69 B.R. 155 (Bankr. E.D.N.Y. 1986) ......................................... 6

*CMGRP, Inc. v. Agency for the Performing Arts, Inc.*, 689 Fed. Appx. 40 (2d Cir. 2017) ............ 9

*Daskal v. Banco Popular N. Am.*, Case No. 13-01942 (NGG), 2014 U.S. Dist. LEXIS 23001
   (E.D.N.Y. Feb. 24, 2014) ..................................................................................................... 4, 6

*In re Exide Techs.*, 544 F.3d 196 (3d Cir. 2008) ........................................................................... 7

*Parmalat Capital Fin. Ltd. v. Bank of Am., Corp.,* 671 F.3d 261 (2d Cir. 2012) .................... 4, 6, 7

*Parmalat Capital Fin. Ltd. v. Bank of America Corp.*, 639 F.3d 572 (2d Cir. 2011) .............. 5, 6, 8

*Stern v. Marshall*, 564 U.S. 462 (2011) ...................................................................................... 3, 9

**Statutes**

28 U.S.C. § 1334(c)(2) ............................................................................................................ passim

28 U.S.C. § 1447(c) ......................................................................................................... 1, 4, 9, 10

28 U.S.C. § 1452(b) ................................................................................................................... 1, 4

28 U.S.C. § 157(b)(2) ...................................................................................................................... 8

NY BCL § 623 ............................................................................................................................ 2, 7

NY LLC Law § 1005 ....................................................................................................................... 1

NY LLC Law § 1005(a) ................................................................................................................... 2

NY LLC Law § 1005(b) ............................................................................................................... 2, 7

Plaintiffs Yoel Goldman and All Year Holdings Limited, by and through their undersigned counsel, pursuant to 28 U.S.C. §§ 1334(c)(2), 1447(c), and 1452(b), submit this memorandum of law in support of their Motion for Remand and respectfully state as follows:

**PRELIMINARY STATEMENT**

This lawsuit is strictly a matter of New York state law and should be adjudicated in the state court where Plaintiff commenced it. It is a special proceeding under the New York Limited Liability Company Law ("NY LLC Law") for valuation of Plaintiffs' membership interest in Defendant, following a purported "freeze-out merger" pursuant to the NY LLC Law.

There is no federal question at issue and complete diversity of citizenship between the parties is lacking. No party to this action is a debtor in any bankruptcy case. Defendant removed this action to this Court for the sole purpose of transferring it to the Southern District of New York for reference to the bankruptcy court. But the bankruptcy court presiding in those cases is statutorily prohibited from hearing this action under the mandatory abstention provision of 28 U.S.C. § 1334(c)(2).

And other than the bankruptcy cases of two holders of membership interests in the Defendant, there is no basis for federal jurisdiction of this action.

Plaintiffs commenced this action in Supreme Court of the State of New York, County of Kings ("Kings County Supreme Court") as a special proceeding under the NY LLC Law to resolve a single issue – the fair value of their membership interest in Defendant under Section 1005 of the NY LLC Law. Plaintiff is a dissenting minority interest-holder in Defendant who was purportedly ousted by majority holders in a "freeze-out" merger under Article 10 of NYLLC Law. NY LLC Law §§ 1001 – 1007.

In accordance with NY LLC Law § 1005(a), on September 22, 2020, Defendant notified Plaintiffs of the freeze-out merger, asserting that Plaintiffs' membership interests were cancelled and offering to pay Plaintiff approximately $2.9 million as the proposed fair value of Plaintiffs' membership interests. In accordance with NY LLC Law § 1005(b), on October 2, 2020, Plaintiffs delivered their Notice of Dissent and Rejection of Offer (the "Notice of Dissent") to Defendant stating that the offered price for Plaintiffs' membership interests is grossly unfair and not remotely reflecting the fair value of the interests. Under NY LLC Law § 1005(b), the Notice of Dissent triggered procedures under New York Business Corporation Law ("BCL") § 623 for resolving the issue of fair value when the parties are unable to agree.

In accordance with NY LLC Law § 1005(b) and BCL § 623, on February 9, 2021, Plaintiff commenced this special proceeding in Kings County Supreme Court by filing and serving their Notice of Petition and Verified Petition designating Kings County as the venue (the "State Court Valuation Proceeding"). On February 25, 2021 Defendant filed a Notice of Removal in this Court for the stated purpose of transferring venue to the Southern District of New York ("SDNY") to be referred to the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). Defendant is not a debtor in any bankruptcy case. The two majority holders of membership interests in Defendant – MY 2011 Grand LLC ("MY 2011) and S&B Monsey LLC ("S&B Monsey") – are debtors in jointly administered bankruptcy cases pending the Bankruptcy Court. But MY 2011 Grand and S&B Monsey are not parties in this action nor are they required to be.

On March 11, 2021, Defendant filed a letter to this Court requesting a pre-motion conference in advance of filing a motion to transfer venue of this action to SDNY to be automatically referred to the Bankruptcy Court and adjudicated by the Bankruptcy Court. On

March 18, 2021, Plaintiffs filed a responding letter to this Court stating that they have no objection to conducting a pre-motion conference but reserving their right to seek to remand this case to Kings County Supreme Court. Specifically, Plaintiffs noted that the Bankruptcy Court is precluded from adjudicating this action under the mandatory abstention provisions of 28 U.S.C. § 1334(c)(2). Moreover, Plaintiffs noted that the Bankruptcy Court is unable to render a final judgement in this action under the Supreme Court's ruling in *Stern v. Marshall* (564 U.S. 462 (2011)) because it is not a "core" proceeding, the claims arise under state law and are not part of any bankruptcy claims resolution.

Because the Bankruptcy Court is required to abstain from adjudicating this action and cannot render a final judgement without Plaintiffs' consent, which consent is not forthcoming, this Court should remand this action to Kings County Supreme Court where Plaintiffs elected to commence this case. Particularly where there are no bankruptcy issues and no independent basis for federal court jurisdiction, the Court should grant Plaintiffs' Motion for Remand.

145023.00607/125555191v.2

# JURISDICTION AND VENUE

This Court has jurisdiction over the Motion for Remand under 28 U.S.C. §§ 1447(c) and 1452(b) because Defendant removed the State Court Action to this Court. Venue in this Court is proper under the foregoing sections of Title 28 and because the State Court Action is pending in state court in Kings County which is within the Eastern District of New York.

# ARGUMENT

I. The Bankruptcy Court Must Abstain
   from Adjudicating the State Court Action

   A. Mandatory Abstention under § 1334(c)(2)

Section 1334(c)(2) of Title 28 of the United States Code, titled "Bankruptcy Cases and Proceedings," provides that:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Section 1334(c)(2) directs the district court (and thus the bankruptcy court by reference) to abstain from entertaining certain state law clams related to bankruptcy proceedings. *See Parmalat Capital Fin. Ltd. v. Bank of Am., Corp.,* 671 F.3d 261, 266 (2d Cir. 2012) ("*Parmalat II*"); *Daskal v. Banco Popular N. Am.*, Case No. 13-01942 (NGG), 2014 U.S. Dist. LEXIS 23001 at *5-6 (E.D.N.Y. Feb. 24, 2014) (district court must abstain from hearing a matter that could not have been adjudicated in a court of the United States absent jurisdiction under 1334 and which can be timely adjudicated in a State forum of appropriate jurisdiction).

The sole claim in the State Court Valuation Proceeding arises under state law and could not have been commenced in federal court. There is no federal question and complete diversity

4

of citizenship is lacking as Plaintiff Yoel Goldman and Defendant are both New York citizens. The sole claim in the State Court Valuation Proceeding is based on New York law. It is part of an elaborate statutory scheme governing determination of the amount owed to a former owner upon the completion of a "freeze-out merger" effected pursuant to the NY LLC Law. It does not arise under the Bankruptcy Code or arise in a bankruptcy case. The only issue, therefore, is whether the State Court Action can be "timely adjudicated" in Brooklyn Supreme Court. Unless Defendant can prove that it can't be, this Court should remand the State Court Valuation Proceeding to Kings County Supreme Court where Plaintiff commenced it.

> B. Brooklyn Supreme Court is Able to
>    Timely Adjudicate the State Court Action

In the Second Circuit, timely adjudication is a mixed question of law and fact determined by application of four factors: (1) the backlog of the state court's calendar relative to the federal court's calendar; (2) the complexity of the issues presented and the respective expertise of each forum; (3) the status of the title 11 bankruptcy proceeding to which the state law claims are related; and (4) whether the state court proceedings would prolong the administration or liquidation of the estate. *Parmalat Capital Fin. Ltd. v. Bank of America Corp.*, 639 F.3d 572, 580 (2d Cir. 2011) ("*Parmalat I*"). Defendant has the burden of proving that the claims in the State Court Valuation Proceeding could not be timely adjudicated and conclusory statements that matters generally take longer in state court are insufficient to make this showing. *Daskal*, 2014 U.S. Dist. LEXIS 23001 at *9; *Acolyte Elec. Corp. v. New York*, 69 B.R. 155, 179 (Bankr. E.D.N.Y. 1986).

The four factors favor remand in this case.

a. <u>Relative Court Calendars</u>

> Timeliness cannot reasonably be defined as a fixed period of time. Instead, timeliness is a case- and situation-specific inquiry that requires a comparison of the time in which the respective state and federal forums can reasonably be expected to adjudicate the matter. The inquiry does not turn exclusively on whether an action could be adjudicated most quickly in state court.

*Parmalat I*, 639 F.3d at 580. There is no basis to conclude that valuation of Plaintiffs' membership interests in Defendant could not be timely adjudicated in Kings County Supreme Court as compared to the Bankruptcy Court. Litigation has not begun in earnest in either forum. An adversary complaint raising the valuation issue was filed by the debtors in the bankruptcy case just as the Verified Petition was filed by Plaintiffs in Kings County Supreme Court but the time to respond in both cases has not passed and no response has yet been filed. No pre-trial or other schedule has been set in either forum. There is no reason to conclude that the time to complete necessary document discovery, fact and expert witness discovery, pre-trial motions, and trial would be any different in either forum. As noted by the Second Circuit, the inquiry does not turn on where the action could be adjudicated most quickly but on whether it can be timely adjudicated in state court. *See Parmalat II*, 671 F.3d at 267 (quoting *In re Exide Techs.*, 544 F.3d 196, 218 n. 14 (3d Cir. 2008)). Moreover, as discussed below, the bankruptcy court itself cannot enter final judgment, requiring dual layers of litigation.

b. <u>Complexity of the Issues</u>

There is one substantive issue raised in Plaintiffs' Verified Petition: Determination of the fair value of Plaintiffs' membership interests in Defendant pursuant to NY LLC Law § 1005(b) and BCL § 623(h) – (k). The issue will be highly contested and no doubt there will be disputes over the methods, assumptions, and data used by each of the parties to prove their respective positions as to the value of Plaintiffs' membership interests. While, bankruptcy courts determine
6

valuation issues in connection with matters arising in bankruptcy cases such as determining the secured amount of claims under section 506 of the Bankruptcy Code, and non-cash consideration paid in asset sales under section 363 of the Bankruptcy Code or in reorganization plans under section 1129 of the Bankruptcy Code, state courts in New York also regularly determine valuation issues in the context of various types of civil disputes involving contracts, real property, business enterprises, and tort claims to name a few. The New York legislature has long entrusted its courts with corporate appraisal and valuation proceedings.

The fact that the issues in the State Court Valuation Proceeding arise under New York statutory law – NYLLC Law and BCL – and there are no bankruptcy issues at all, cuts in favor of remanding this action because New York state courts are likely to have greater experience valuing equity interests under those statutes. *See e.g., Parmalat II*, 671 F.3d at 267 (complexity favors abstention and remand when key issue is a matter of state law).

   c.   Status and Administration of the Bankruptcy Case

The third and fourth factors – status and administration of the bankruptcy case –is determined by considering whether the litigants in the state proceeding need the state law claims to be quickly resolved as a result of the status of the ongoing bankruptcy case and whether abstention and remand will unduly delay administration of the case. *See Parmalat I*, 639 F.3d at 581-82. Significantly, none of the parties to the State Court Valuation Proceeding in this case is a debtor in the bankruptcy case so arguably none of the parties to this action need the state law claims to be quickly resolved.

Nevertheless, the status of the related bankruptcy case of MY 2011 and S&B Monsey is not an impediment to mandatory abstention and remand in this case. Notwithstanding that the bankruptcy cases were filed in November 2019, they have not progressed in any material way.

7

The debtors filed a reorganization plan in July 2020 as a "placeholder" to preserve their exclusivity under section 1121(b) of the Bankruptcy Code but quickly abandoned that plan in subsequent pleadings. There is currently no reorganization plan in place and thus abstention and remand will not delay the administration of the bankruptcy case.

Based on the foregoing application of the Second Circuit factors, mandatory abstention under 28 U.S.C. § 1334(c)(2) applies in this case and this Court should therefore remand the State Court Action to Kings County Supreme Court.

II. <u>The Bankruptcy Court Cannot Enter Final Judgment in the Valuation Proceeding</u>

It is indisputable that the claims in the State Court Valuation Proceeding are not "core" proceedings within the meaning of 28 U.S.C. § 157(b)(2). On that basis alone, the Bankruptcy Court can not render a final judgment on the claims without Plaintiffs' consent, which consent is not forthcoming. Moreover, even if the claims in the State Court Valuation Proceeding could somehow be deemed to be "core," Supreme Court precedent, particularly *Stern v. Marshall* (564 U.S. 462 (2011)) and its progeny, independently precludes the Bankruptcy Court from rendering final judgment of the claims without Plaintiffs' consent.

As a result, any proposed findings of fact and conclusions of law rendered by the Bankruptcy Court would be subject to *de novo* review by the district court, requiring an additional procedural layer to final resolution of Plaintiffs' claim. For that reason as well, the State Court Valuation Proceeding should be remanded to the Kings County Supreme Court where Plaintiffs commenced it.

III. <u>Plaintiff is Entitled to Costs and Expenses</u>

Section 1447(c) of Title 28 of the United States Code gives this Court discretion to award "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Court should award damages when "the removing party lacked an objectively

8

reasonable basis for seeking removal." *CMGRP, Inc. v. Agency for the Performing Arts, Inc.*, 689 Fed. Appx. 40, 41 (2d Cir. 2017).

In the present case, Defendant removed the State Court Valuation Proceeding for the purpose of sending it to the Bankruptcy Court in the face of the mandatory abstention provision of 28 U.S.C. § 1334(c)(2). If this Court grants Plaintiffs' Motion for Remand, the Court should also award Plaintiff its costs and expenses pursuant to 28 U.S.C. § 1447(c).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request, pursuant to 28 U.S.C. § 1447(c), that this Court (a) remand the State Court Valuation Proceeding to Kings County Supreme Court, (b) require Defendant to pay Plaintiffs' costs and expenses (including attorney fees) incurred as a result of the removal, and (c) grant such other and further relief as the Court deems just and proper.

Dated: March 29, 2021                          **BLANK ROME LLP**

By: */s/ Stephen E. Tisman*
    Stephen E. Tisman
    Craig M. Flanders
    Rick Antonoff
    1271 Avenue of the Americas
    New York, New York 10020
    (212) 885-5000
    *Attorneys for Plaintiffs Yoel Goldman and All Year Holdings Ltd.*