UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
                                                                  :
**YOEL GOLDMAN** and **ALL YEAR HOLDINGS**                        :
**LTD.**,                                                         :
                                              Plaintiffs,         :      **MEMORANDUM DECISION AND**
                                                                  :      **ORDER**
                                                                  :
                           – against –                            :      21-CV-1028 (AMD) (RML)
                                                                  :
**GRAND LIVING II, LLC**,                                         :
                                                                  :
                                              Defendant.          :
--------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On February 25, 2021, the defendant removed this fair value appraisal action to the

United States District Court for the Eastern District of New York from the Supreme Court of the

State of New York, Kings County.  (ECF No. 1.)  The plaintiffs moved to remand the action to

state court.  (ECF Nos. 11, 12.)  The defendant opposed the plaintiffs' motion to remand and

moved to transfer the action to the Southern District of New York.  (ECF Nos. 9, 16, 18.)  For

the reasons that follow, I grant the plaintiffs' motion to remand this action to the Supreme Court

of the State of New York, Kings County.

## BACKGROUND

In 2011, the defendant Grand Living II, LLC owned a 100% interest in Grand Living,

LLC, which owns a mixed-use rental property at 227 Grand Street, Brooklyn, New York.  (ECF

No. 1 at 10.)  The plaintiff Goldman, through his construction company, completed construction

on 227 Grand Street, and Goldman's management company handled the "day to day operation"

of the property.  (*Id.*)  In 2011, Goldman acquired a membership interest in the defendant.  (*Id.*)

According to the defendant's Amended and Restated Limited Liability Company Agreement,

dated August 3, 2012, Goldman owned a 35.25% membership interest in the defendant, MY

2011 Grand LLC owned a 26.75% interest, and S&B Monsey LLC owned a 33% interest.  (*Id.*)
On November 6, 2019, MY 2011 Grand and S&B Monsey (the "Debtors") filed voluntary
petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy
Court for the Southern District of New York.  (*Id.* at 1.)  The plaintiffs allege that as of
September 21, 2020, the Debtors together own a 64.75% membership interest in the defendant.
(*Id.* at 10-11.)

On September 22, 2020, the defendant sent Goldman a document entitled "Notice of
Action in Lieu of Meeting; Notice of Merger; Notice of Dissenters' Rights" (the "Merger
Notice").  (*Id.* at 12.)  The Merger Notice stated that the defendant would merge with GL Merger
Partner, LLC, with the defendant being the surviving company, and that a certificate of merger
would be filed pursuant to New York law.  (*Id.* at 12-13.)  The Merger Notice provided further
that Goldman's membership interest in the defendant was cancelled and that he was entitled "to
receive in cash and without interest" $2,865,538.00.  (*Id.* at 13.)  Goldman filed a notice of
dissent from the merger, rejecting the defendant's offer as "grossly insufficient and not remotely
reflecting the fair value of the Interest."[1]  (*Id.*)

On February 9, 2021, the plaintiffs filed this action in the Supreme Court of the State of
New York, Kings County, seeking an appraisal of the fair value of the plaintiffs' membership
interests in the defendant, pursuant to section 1005(b) of the New York Limited Liability
Company Law ("N.Y. Ltd. Liab. Co. Law") and section 623 of the New York Business
Corporation Law ("N.Y. Bus. Corp. Law").  (ECF No. 1.)  On February 25, 2021, the defendant

---

[1] The plaintiffs refer to both plaintiffs' membership interests in the defendant.  (ECF Nos. 1, 12).
However, the complaint alternately describes Goldman's 35.25% membership interest in the defendant
(ECF No. 1 at 3) and the plaintiff All Year Holdings's 35.25% membership interest (*id.* at 12).  Whether
Goldman or All Year Holdings owns the interest does not affect my analysis, and I refer to "plaintiffs'
membership interests."

removed the action from state court to this Court, pursuant to 28 U.S.C. § 1452(a), intending to

seek transfer of venue to the United States District Court for the Southern District of New York,

pursuant to 28 U.S.C. § 1404, for referral to the United States Bankruptcy Court for the Southern

District of New York, pursuant to the Southern District's standing order.  (*Id.*); *see* Am. Standing

Order of Reference (M-431), 12-mc-32 (S.D.N.Y. Feb. 1, 2012) ("Pursuant to 28 U.S.C. Section

157(a) any or all cases under title 11 and any or all proceedings arising under title 11 or arising

in or related to a case under title 11 are referred to the bankruptcy judges for this district.").  On

March 29, 2021, the plaintiffs moved to remand the case to state court, arguing that "there are no

bankruptcy issues and no independent basis for federal court jurisdiction," and that the

Bankruptcy Court "is required to abstain from adjudicating this action," pursuant to 28 U.S.C.

§ 1334(c)(2).[2]  (ECF No. 12-2 at 6.)  The defendant sought transfer of venue to the Southern

District of New York.  (ECF Nos. 9, 16.)

## LEGAL STANDARD

"With regard to bankruptcy-related claims, 28 U.S.C. § 1452(a) provides that 'a party

may remove any claim or cause of action in a civil action . . . to the district court for the district

where such civil action is pending, if such district court has jurisdiction of such claim or cause of

action under section 1334 of this title.'  *In re Refco, Inc. Sec. Litig.*, 628 F. Supp. 2d 432, 437

(S.D.N.Y. 2008) (alteration omitted) (quoting 28 U.S.C. § 1452(a)).  Section 1334 of Title 28 of

the United States Code "provides for original jurisdiction in the district courts for 'all cases

under title 11' and 'all civil proceedings arising under title 11, or arising in or related to cases

---

[2] "While motions to remand based upon defects in removal procedure other than subject matter
jurisdiction are considered waivable and subject to the 30-day limit of § 1447(c), motions to abstain
pursuant to 28 U.S.C. § 1334 & § 1452(b) are not governed by § 1447(c)."  *Fried v. Lehman Bros.
Real Est. Assocs. III, L.P.*, 496 B.R. 706, 712 (S.D.N.Y. 2013).  "Abstention motions do not concern
removal procedure, but instead whether a court will exercise the jurisdiction it has."  *Id.*

under title 11.'" *In re Quigley Co., Inc.*, 676 F.3d 45, 53 (2d Cir. 2012) (quoting 28 U.S.C.

§ 1334); *see also Lead I JV, LP v. N. Fork Bank*, 401 B.R. 571, 578-79 (E.D.N.Y. 2009).  "For

the purposes of removal jurisdiction, a civil proceeding is 'related to' a title 11 case if the

action's 'outcome might have any "conceivable effect" on the bankrupt estate.'" *Parmalat Cap.

Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 579 (2d Cir. 2011) (quoting *In re Cuyahoga Equip.

Corp.*, 980 F.2d 110, 114 (2d Cir. 1992)); *see also Quigley*, 676 F.3d at 53.

"Pursuant to 28 U.S.C. § 1334(c)(2), non-core, related-to proceedings are subject to

mandatory abstention so long as certain prerequisites are met."  *Lead I JV*, 401 B.R. at 579.

Section 1334(c)(2) provides, in relevant part:

> Upon timely motion of a party in a proceeding based upon a State law claim or
> State law cause of action, related to a case under title 11 but not arising under title
> 11 or arising in a case under title 11, with respect to which an action could not have
> been commenced in a court of the United States absent jurisdiction under this
> section, the district court *shall abstain* from hearing such proceeding if an action is
> commenced, and can be timely adjudicated, in a State forum of appropriate
> jurisdiction.

28 U.S.C. § 1334(c)(2) (emphasis added).  Abstention is mandatory under section 1334(c)(2) if

all of the following conditions are met:

> (1) [T]he motion to abstain was timely; (2) the action is based on a state law claim;
> (3) the action is "related to" but not "arising in" a bankruptcy case or "arising
> under" the Bankruptcy Code; (4) Section 1334 provides the sole basis for federal
> jurisdiction; (5) an action is commenced in state court; and (6) that action can be
> "timely adjudicated" in state court.

*Lead I JV*, 401 B.R. at 579 (alteration and citation omitted).

With respect to a motion to transfer, pursuant to 28 U.S.C. § 1404(a), "[f]or the

convenience of parties and witnesses, in the interest of justice, a district court may transfer any

civil action to any other district or division where it might have been brought . . . ."  "[M]otions

for transfer lie within the broad discretion of the district court and are determined upon notions

of convenience and fairness on a case-by-case basis."  *Aldiono v. I.K. Sys., Inc.*, No. 18-CV-

4

6781, 2019 WL 4887655, at *2 (E.D.N.Y. Sept. 30, 2019) (quoting *Cuyahoga*, 980 F.2d at 117). The purpose of the transfer statute is to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citation omitted).

Deciding a motion to transfer involves a two-part inquiry: "(1) whether the action could have initially been brought in the transferee court; and (2) whether the interests of justice and convenience of the parties and witnesses will be served by the transfer." *Stoltz v. Fage Dairy Processing Indus., S.A.*, No. 14-CV-3826, 2015 WL 5579872, at *5 (E.D.N.Y. Sept. 22, 2015) (citing *JetBlue Airways Corp. v. Helferich Pat. Licensing, LLC*, 960 F. Supp. 2d 383, 398 (E.D.N.Y. 2013)); *see also Forjone v. California*, 425 F. App'x 73, 74 (2d Cir. 2011). Courts evaluate the "interests of justice and convenience of the parties and witnesses" taking into account a combination of the following factors: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witness[es], and (7) the relative means of the parties." *Forsher v. J.M. Smucker Co.*, No. 15-CV-7180, 2019 WL 235639, at *3 (E.D.N.Y. Jan. 16, 2019) (quoting *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006)).

## DISCUSSION

Before the court are the plaintiffs' motion to remand the action to state court and for attorneys' fees and costs, and the defendant's request to transfer the action to the Southern District of New York. "When presented with competing motions to remand a case and to transfer venue, a court is to consider the remand motion first, and then address the motion to transfer venue only if it first denies the motion to remand." *Lothian Cassidy LLC v. Ransom*,

5

428 B.R. 555, 558 (E.D.N.Y. 2010) (citation omitted); *see also Studebaker-Worthington Leasing*

*Corp. v. Michael Rachlin & Co., LLC*, 357 F. Supp. 2d 529, 533 (E.D.N.Y. 2004) ("Before

considering Defendant's motion to transfer venue, the Court must first decide the threshold

question whether it has subject matter jurisdiction over this case.").  Accordingly, I consider the

motion to remand first.

    "When challenged, the party seeking removal bears the burden of establishing federal

jurisdiction."  *Marlin Bus. Bank v. Halland Cos., LLC*, 18 F. Supp. 3d 239, 240 (E.D.N.Y. 2014)

(citing *Refco.*, 628 F. Supp. 2d at 437).  "On a motion for remand, the Court must construe all

disputed questions of fact and controlling substantive law in favor of the plaintiff[.]"  *Id.*

(internal quotation marks and citation omitted).  The determination as to whether to remand the

case turns on two issues: first, whether the action is a core proceeding or a "non-core, related-to"

proceeding, and second, if the action is a non-core proceeding, whether it is subject to the

mandatory abstention provision pursuant to section 1334(c)(2).  *See Lead I JV*, 401 B.R. at 579.

I consider the issues in turn.[3]

**I.**     **Whether the Action Is a Core or Non-Core Proceeding**

    This action is a non-core proceeding.  "Claims that clearly invoke substantive rights

created by federal bankruptcy law necessarily arise under Title 11 and are deemed core

---

[3] The defendant argues that "[w]hether the [United States Bankruptcy Court for the Southern District of
New York] must abstain from this action and whether this action is . . . a 'core' or 'non-core' proceeding
must be adjudicated in the district in which the bankruptcy cases are already pending, the [Southern
District of New York]."  (ECF No. 16 at 2.)  The defendant cites *Lothian*, 428 B.R. at 561.  (ECF No. 18
at 2.)  First, the court in *Lothian* considered the issue of mandatory abstention even though the
underlying bankruptcy case was pending in another district.  *Id.* at 557.  Moreover, the district court
merely observed in the context of motions to transfer that "[t]he Second Circuit has held that the district
in which the underlying bankruptcy case is pending is presumed to be the appropriate district for hearing
and determination of a proceeding in bankruptcy."  *Id.* at 561 (citation omitted).  Other decisions in this
circuit refute the defendant's position.  *See, e.g.*, *Lead I JV*, 401 B.R. at 574 (considering whether action
was core proceeding and whether abstention was mandatory, in determining whether to transfer case to
another district).

proceedings." *MBNA Am. Bank, N.A. v. Hill*, 436 F.3d 104, 108-09 (2d Cir. 2006). "So too are proceedings that, by their nature, could arise only in the context of a bankruptcy case." *Id.* at 109. Proceedings can also be core "by virtue of their nature if either (1) the type of proceeding is unique to or uniquely affected by the bankruptcy proceedings, or (2) the proceedings directly affect a core bankruptcy function." *Mt. McKinley Ins. Co. v. Corning Inc.*, 399 F.3d 436, 448 (2d Cir. 2005). An action is a non-core proceeding if its "outcome might have any 'conceivable effect' on the bankrupt estate.'" *Cuyahoga*, 980 F.2d at 114.

Here, the plaintiffs' claims "involve purely state law claims between nondebtors," *Lead I JV*, 401 B.R. at 581, arising under N.Y. Ltd. Liab. Co. Law § 1005(b) and N.Y. Bus. Corp. Law § 623. (ECF No. 1 at 14-16.) "They are not claims that invoke substantive rights created by federal bankruptcy law nor are they claims that would be incapable of existence absent the bankruptcy case." *Lead I JV*, 401 B.R. at 581. If a fair value determination results in a valuation of the plaintiffs' membership interests that differs slightly from the $2,865,538.00 offered in the Merger Notice, the proceeding would necessarily affect the relative value of the Debtors' interest and, therefore, the Debtors' estates. But the "[p]laintiffs' claims are not rendered core merely because they may have some impact on the . . . estate." *Id.* at 582. Instead, the action is a non-core proceeding related to the Debtors' bankruptcy cases because it might have a "conceivable effect" on the Debtors' estates. *See Cuyahoga*, 980 F.2d at 114.

## II.    Whether the Action Is Subject to Mandatory Abstention

There is no dispute that the first five statutory requirements for mandatory abstention pursuant to 1334(c)(2) have been satisfied. The plaintiffs' motion to remand, which expressly argued that mandatory abstention applies, was timely. *Parmalat*, 639 F.3d at 580 (holding that motion to remand that "explicitly argued that the court should abstain pursuant to § 1334(c)(2)" satisfies the first statutory requirement); *see also Little Rest Twelve, Inc. v. Visan*, 458 B.R. 44,

54 (S.D.N.Y. 2011).  The action is based on state law claims arising under N.Y. Ltd. Liab. Co. Law § 1005(b) and N.Y. Bus. Corp. Law § 623.  (ECF No. 1 at 14-16.)  The action is "related to" but not "arising in" a bankruptcy case or "arising under" the Bankruptcy Code.  *See supra* Section I.  "Section 1334 provides the sole basis for federal jurisdiction."  *Lead I JV*, 401 B.R. at 579 (citation omitted); (ECF No. 1 at 2-3).  The action was commenced in state court.  (*Id.* at 8-17.)  Thus, the issue of whether the action is subject to mandatory abstention turns on the sixth and final statutory requirement, whether the "action can be 'timely adjudicated' in state court."  *Lead I JV*, 401 B.R. at 579 (citation omitted); *see* 28 U.S.C. § 1334(c)(2).

In *Parmalat*, the Second Circuit identified four factors to evaluate in determining whether an action can be timely adjudicated in state court:

> Four factors come into play in evaluating § 1334(c)(2) timeliness: (1) the backlog of the state court's calendar relative to the federal court's calendar; (2) the complexity of the issues presented and the respective expertise of each forum; (3) the status of the title 11 bankruptcy proceeding to which the state law claims are related; and (4) whether the state court proceeding would prolong the administration or liquidation of the estate.

*Parmalat*, 639 F.3d at 580.[4]  "Although the question is 'informed by the comparative speeds of adjudication in the federal and state forums,' it is not simply a matter of 'whether an action could be adjudicated most quickly in state court.'"  *Allstate Ins. Co. v. Credit Suisse Sec. (USA) LLC*, No. 11-CV-2232, 2011 WL 4965150, at *7 (S.D.N.Y. Oct. 19, 2011) (quoting *Parmalat*, 639 F.3d at 580).  "The first two factors require a court to consider timely adjudication in light of the

---

[4] The Second Circuit has not conclusively determined whether the party seeking removal or the party seeking abstention carries the burden of showing whether an action can be timely adjudicated in state court.  *Parmalat Cap. Fin. Ltd. v. Bank of Am. Corp.*, 671 F.3d 261, 270 n.4 (2d Cir. 2012) [hereinafter *Parmalat II*] ("Our previous Opinion, while noting that other courts have held to the contrary, explained that there were reasons for imposing the burden on the party opposing abstention.  However, because the balance of the four factors weighs in favor of abstention, we do not need to resolve this issue." (internal citation omitted)).  Similarly, I do not need to resolve the issue because the balance of the four factors clearly favor one forum.

particular factual and procedural circumstances presented in the two courts being compared." *Parmalat*, 639 F.3d at 580. Therefore, with respect to the first two factors, I consider specifically the Supreme Court of the State of New York, Kings County, and the United States Bankruptcy Court for the Southern District of New York.

The first factor—the backlog of the state court's calendar relative to the federal court's calendar—does not weigh either in favor of or against abstention and remand. Neither the plaintiffs nor the defendant presented any evidence of the relative backlogs of the relevant fora. (ECF Nos. 12-2, 16, 17, 18.) "With no persuasive evidence on the issue in front of us," I "cannot presume one court's backlog is more manageable than the other's." *Post Invs. LLC v. Gribble*, No. 12-CV-4479, 2012 WL 4466619, at *5 (S.D.N.Y. Sept. 27, 2012); *see also Credit Suisse Sec.*, 2011 WL 4965150, at *7 (same).

As to the second factor, the issues presented by the action are not complex, and New York courts have expertise in deciding claims arising under N.Y. Ltd. Liab. Co. Law § 1005(b) and N.Y. Bus. Corp. Law § 623. Courts in this circuit have held that mandatory abstention is unwarranted where the removed action is "intertwined both with complex bankruptcy proceedings and equally complex securities class actions pending in federal court." *In re Global Crossing, Ltd. Sec. Litig.*, 311 B.R. 345, 349 (S.D.N.Y. 2003); *see also Bondi v. Grant Thornton Int'l*, 322 B.R. 44, 50 (S.D.N.Y. 2005) (denying request for mandatory abstention because "action . . . [was] but one piece of a much larger, extremely complex litigation puzzle"); *Bondi*, 322 B.R. at 50 (observing that "[i]n other complex bankruptcy-*cum*-securities fraud multidistrict litigations, judges in this district have found that remand to a state court would not promote timely adjudication"); *Refco*, 628 F. Supp. 2d at 446 (finding mandatory abstention unwarranted because action was tied to complex bankruptcy and securities litigation). In contrast, the action

9

here is not intertwined with any complex securities fraud or multidistrict litigation, and the

defendant has not shown that the Debtors' bankruptcy proceedings are particularly complicated.

Moreover, New York courts have legal expertise in adjudicating state law claims, including

those arising under N.Y. Ltd. Liab. Co. Law § 1005(b) and N.Y. Bus. Corp. Law § 623.  "While

federal district courts naturally possess expertise in applying federal law, this advantage

dissipates for cases alleging exclusively state claims." *Allstate Ins. Co. v. Ace Sec. Corp.*, No.

11-CV-1914, 2011 WL 3628852, at *10 (S.D.N.Y. Aug. 17, 2011) (holding that mandatory

abstention applied to state law claims of fraud and negligent misrepresentations involving

mortgage-backed securities in part because defendants "offered no evidence that the state court

lacks the expertise to adjudicate these cases"); *see also Post Invs. LLC*, 2012 WL 4466619, at *5

("If anything, because the underlying action alleges only state claims, the [New York]

Commercial Division may have an edge in the relevant legal expertise.").  Here, the state court is

likely to have legal expertise in reaching fair value appraisals of membership interests under

New York law, and in the alternative, the state court and federal court "appear equally able to

adjudicate the underlying action." *Post Invs.*, 2012 WL 4466619, at *6.  Therefore, the second

factor weighs in favor of the state forum.

       Some courts in this circuit have held that where the first two factors do not show the state

court would be an "untimely" forum, it is unnecessary to consider the last two factors.  *See id.* at

*6; *Credit Suisse Sec.*, 2011 WL 4965150, at *8.  Regardless, the third and fourth factors weigh

in favor of abstention.

       The third factor—the status of the Debtors' consolidated bankruptcy proceeding to which

the action is related—also weighs in favor of remand.  "[A] court must consider whether the

litigants in a state proceeding need the state law claims to be quickly resolved as a result of the

status of the ongoing title 11 bankruptcy proceeding." *Parmalat*, 639 F.3d at 581.  "If the

lawsuit will not prolong the administration of the bankruptcy case, it supports the position that it

can be timely adjudicated in state court."  *In re AOG Ent., Inc.*, 569 B.R. 563, 580 (Bankr.

S.D.N.Y. 2017) (citing *Parmalat II*, 671 F.3d at 268).  The plaintiffs argue that the Debtors

"filed a reorganization plan in July 2020 as a 'placeholder' to preserve their exclusivity under

section 1121(b) of the Bankruptcy Code but quickly abandoned that plan in subsequent

pleadings," and that "[t]here is currently no reorganization plan in place and thus abstention and

remand will not delay the administration of the bankruptcy case[s]."  (ECF No. 12-2 at 11.)  The

docket sheet for the Debtors' consolidated bankruptcy proceedings does not reflect a finalized

reorganization plan.  *See In re: My 2011 Grand LLC and S&B Monsey, LLC*, No. 19-23957

(Bankr. S.D.N.Y.).  The defendant does not dispute the plaintiffs' characterization of the status

of the bankruptcy proceedings and does not assert that a reorganization plan is in place.  (ECF

Nos. 16, 18.)  *Cf. AOG Ent.*, 569 B.R. at 585 (determining that third and fourth factors weighed

in favor of state forum even where administration of plan had begun because remand would not

prolong administration).  The third factor weighs in favor of the state forum.

   Last, as to the fourth factor, remanding the fair value appraisal proceeding would not

prolong the administration of the estate.  In evaluating the fourth factor, the Second Circuit

considers the following: "(i) whether the district court is concurrently charged with

administration of the bankruptcy estate; (ii) close connections between the defendants in the

action and the debtor; and (iii) the complexity of the litigation."  *BGC Partners, Inc. v. Avison

Young (Canada), Inc.*, 919 F. Supp. 2d 310, 320 (S.D.N.Y. 2013) (citing *Parmalat*, 639 F.3d at

581).  While the Debtors collectively own a majority membership interest in the defendant, the

district court is not concurrently charged with administration of a reorganization plan, because no

plan exists.  Furthermore, as discussed above, the removed action is straightforward, relative to "complex bankruptcy-*cum*-securities fraud multidistrict litigations," in which courts in this circuit have found abstention mandatory.  *Bondi*, 322 B.R. at 50.

The defendant points out that the Debtors filed an adversary proceeding complaint against the plaintiffs as part of the consolidated bankruptcy proceedings, and that the "Removed Action and the Adversary Proceeding are integral to the resolution of the bankruptcy cases as they implicate core matters and involve the same parties . . . and the identical issues," and transfer would promote "both efficiency and the avoidance of inconsistent judgments."  (ECF No. 16 at 3.)  However, the defendant does not explain how the adversary proceeding relates to the issue of mandatory abstention, which I must consider first.  Under the third and fourth factors of the abstention analysis, the relevant inquiry is whether the removed action would prolong administration of any forthcoming reorganization plan, and the defendant has not shown how this action, if remanded to state court, would undermine the adversary proceeding or prolong administration.  *See AOG Ent.*, 569 B.R. at 584 ("The Debtors do not require the resolution of the adversary proceeding to know whether they can continue their operations.").

At least three of the four timely adjudication factors weigh in favor of the state forum.  Therefore, the six requirements under 28 U.S.C. § 1334(c)(2) are satisfied, and abstention is mandatory.[5]

## III.   The Plaintiffs' Motion for Attorneys' Fees and Costs

The plaintiffs moved for an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c) (ECF No. 12-2), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the

---

[5] Since abstention is mandatory, any motion to transfer would necessarily fail because the action could not "have initially been brought in the transferee court."  *Stoltz*, 2015 WL 5579872, at *5.

removal."  "Granting this award is within the district court's discretion."  *Acorne Prods., LLC v. Tjeknavorian*, 33 F. Supp. 3d 175, 184 (E.D.N.Y. 2014).  The Supreme Court has held, however, that, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal."  *Martin v. Franklin Cap. Corp.,* 546 U.S. 132, 136 (2005).  Although this court finds that abstention is mandatory pursuant to section 1334(c)(2), the defendant's rationales for removal were objectively reasonable, particularly given the complexity of the law in this area.  Accordingly, the plaintiffs' motion for attorneys' fees and costs is denied.

## CONCLUSION

For these reasons, the plaintiffs' motion to remand the case to the Supreme Court of the State of New York, Kings County, is granted.  The plaintiffs' motion for attorneys' fees and costs is denied.  To the extent the defendant moved to transfer venue to the Southern District of New York, the defendant's motion is denied.  The Clerk of the Court is directed to furnish the Clerk of the appropriate state court with a certified copy of this Order and close this case.

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
        September 3, 2021

13